## Marius A. Hoffner et al. v. Cass and Morgan Counties.

1. APPEALS—*Where the Validity of a Statute is Involved.*—Where a trial court, in deciding a demurrer to special pleas, must necessarily hold a statute invalid, the question of the validity of such statute is involved and the appeal must be taken to the Supreme Court.

Trespass, *vi et armis.* Appeal from the Circuit Court of Morgan County; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the November term, 1900. Appeal dismissed. Opinion filed February 28, 1901.

MORRISON, WORTHINGTON & REEVE, attorneys for appellants.

C. A. BARNES and A. A. LEEPER, attorneys for appellees.

MR. JUSTICE WRIGHT delivered the opinion of the court.

This was an action of trespass *vi et armis* by appellees against appellants for taking down a bridge on the public road where it crossed Mud Creek near the line between Cass and Morgan counties, and in widening the creek at that place as to increase the expense of constructing a new bridge. In addition to the plea of not guilty, the appellants pleaded specially several pleas by way of justification, in substance, that by certain proceedings in the County Court of Cass County, and by the order of that court duly made, Mud Creek Drainage District was organized, including certain described territory, and including the land and road upon which the bridge in question was located, and that appellants were the duly appointed and qualified com-

missioners of such district, and were such commissioners at the time of the supposed trespasses; and that to make the drainage effective in the district it was necessary to deepen and widen Mud Creek, where the bridge was located, and that by the provisions of the statute it was the duty of the commissioners to remove the bridge, which they did. A demurrer was sustained to the special pleas, and a trial by jury had under the declaration and general issue, ending in a verdict and judgment against appellants for $700, to reverse which this appeal is brought, various errors having been assigned and argued by which such reversal is sought, among which are that the court erred in sustaining the demurrer to the pleas, the court admitted improper, and rejected competent evidence, misdirected the jury in its instructions, and refused to properly instruct the jury.

By rulings of the court upon the evidence, and the instructions of the court, the same questions arise as were presented upon the demurrer to the pleas, as to the sufficiency, as a defense to the action, of the order of the County Court, and section 55 of "An act to provide for the construction, reparation and protection of drain ditches and levees across the lands of others, for agricultural, sanitary and mining purposes, and to provide for the organization of drainage districts," approved and in force May 29, 1879, said section 55 having been added by act approved June 30, 1885. The order of the County Court, of course, as we think, depends, for its efficacy in this respect, upon the validity of the provisions of the section of the statute to which we have referred, which provides that full power and authority is thereby given the drainage commissioners to remove such bridges, if they in their judgment find it necessary.

The trial court in passing upon the demurrer to the pleas and giving its decision thereon, and in its rulings upon the evidence and the instructions to the jury, and also in overruling appellants' motion for a new trial, could not well have decided as it did, without holding the statute invalid. If the provisions of the section to which we have referred

were valid, it would follow, in our opinion, as a necessary sequence, that it afforded a justification of the action of the commissioners. By the briefs and arguments presented to this court by appellees, the question of the validity of the provisions of section 55, to which we have referred, is also raised, and counsel for appellants in their reply brief, concede the question of the validity of the statute should go to the Supreme Court, but insist that this question is not presented by the record. We are of the opinion the question of the validity of the statute does arise upon, and is directly presented by, the record. We are unable to understand how we could give our reasons for or against the defense sought to be made, without passing upon the validity of the provisions of the section of the statute in question. The question is not one of construction, as counsel for appellants insists. The language is plain and unambiguous, that full power and authority is given the drainage commissioners to remove the bridge, if they, in their judgment, find it necessary. We are without jurisdiction, and are forbidden to decide the validity of a statute, and we therefore dismiss the appeal with leave to appellants to withdraw the record, abstracts and briefs if they so desire.

Appeal dismissed.